

# In the Court of Criminal Appeals of Texas

---

No. WR-94,125-01

---

EX PARTE SERAFIN RODRIGUEZ MOLINA,

*Applicant*

---

On Application for a Writ of Habeas Corpus
Cause No. 9423675 in the 177th District Court
From Harris County

---

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant pled guilty in 1995 to aggravated sexual assault and was sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction later the same year. *Molina v. State*, No. 14-95-00226-CR, 1995 WL 490943 (Tex. App.—Houston [14th Dist.] Aug. 17, 1995) (not designated for publication). In July of 2009,

Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his plea was involuntary due to the ineffective assistance of counsel for failing to advise him of the consequences of his plea.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized in 1995, but this writ application was not filed until fourteen years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided. Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                 December 7, 2022
**DO NOT PUBLISH**